(70 South. 575)

No. 20206.

JONES v. J. F. BALL & BRO. LUMBER CO., Limited.

(Jan. 10, 1916.)

*(Syllabus by the Court.)*

MASTER AND SERVANT ☞239 — INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE.

An experienced sawmill mechanic, who thrust the tips of his fingers through a small opening in the hood against the knives of a sizer, *held* to be guilty of contributory negligence under the facts and circumstances of the case.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 749, 750; Dec. Dig. ☞239.]

Appeal from Thirteenth Judicial District Court, Parish of Rapides; W. F. Blackman, Judge.

Action by Oscar H. Jones against the J. F. Ball & Bro. Lumber Company, Limited. From judgment for defendant, plaintiff appeals. Affirmed.

Hundley & Hawthorn, of Alexandria, for appellant. Blackman & Overton, of Alexandria, for appellee.

LAND, J. Plaintiff, an employé of the defendant company, while operating a machine, known as a sizer, had the ends of three of his fingers cut off by the revolving knives. He sued for $7,098.35 as damages for his injuries. There was judgment for the defendant, and the plaintiff has appealed.

According to the allegations of the petition the accident took place while the plaintiff had his hand on the knob, which raises or lowers the pressure bar, the function of which is to press the lumber against the rapidly revolving knives.

The petition represents that on the day of the accident, a piece of rough lumber did not properly feed through the machine, and plaintiff took hold of the knob for the purpose of loosening the pressure bar; that said knob sets in the bottom of the blow pipe intended to carry away the loose shavings, and that in cutting out a piece of said pipe to make room for the knob, an insufficient amount was cut from the top of the pipe, and an insufficient space was left to permit the free movement of the hand while turning the knob; that from one side of said opening the guard was not dropped down far enough to prevent the fingers from coming in contact with the knives; that the plaintiff took hold of said knob and turned it about half way round for the purpose of loosening it, and in attempting to turn it loose he was prevented from so doing by the top part of the pipe, which had not been properly cut away, coming in contact with his knuckles; that plaintiff to remove his hand from the knob was compelled to straighten out his fingers in order to get his

hand out from under the blowpipe overhanging said knob; that in attempting to let go his hold on said knob, the fingers on his left hand were carried into the fast revolving knives in said machine, whereby the ends of three of his fingers were cut off.

The negligence charged in the petition was the improper construction of the hood, above and below the knob in question.

The answer denied the alleged improper construction of said sizer, and averred in substance that the injury complained of was caused by the plaintiff's own carelessness and negligence in the operation of a machine with which he was perfectly familiar.

A model of the sizer machine in question was exhibited and operated on the trial below, and the same model has been brought before this court as a part of the evidence in the case. From our own observation of the working of the machine, we cannot understand how an experienced operator, like the plaintiff, could have been injured as he was, except on the theory that he carelessly thrust his fingers into the narrow space behind and below the knob or wheel, until their tips touched the revolving knives.

The expert witnesses, by 3 to 1, testified that the alleged action of the plaintiff in the premises was wholly unnecessary, because ordinarily the knob or wheel could be easily turned by the use of the thumb and forefinger or could be loosened by the turning of the set screws.

When the knob or wheel could not be turned in the usual way, the hood could be raised, and the machinery stopped, if necessary, to insure safety.

We agree with the experts that the narrowness of the opening above the knob or wheel tended to prevent the inadvertent thrusting of the operator's fingers against the knives.

The evidence shows that the sizer was a new standard machine; that the hood was no part of the sizer; that such machines are used with and without hoods; and that hoods, in connection with blowpipes, are intended for the purpose of carrying off shavings, sawdust, and particles of wood.

The knob or wheel was necessarily outside of the hood, which incased it on three sides to prevent the escape of shavings, dust, and particles of wood. In so doing the hood contributed to the comfort and safety of the operator, but primarily was never intended as a safety device.

Plaintiff was an experienced sawmill mechanic, and by his own operation of the sizer, which required the removal from day to day of the hood for the purpose of sharpening the knives, must have known their location in relation to the knob or wheel.

On the record before us, we are of opinion that if the defendant was at fault, the plaintiff was guilty of contributory negligence.

Judgment affirmed.